# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KIM FORTES, | CASE NO. 08cv317 BTM(RBB) |
| --- | --- |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

In this action, Plaintiff sought review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. In an order filed on March 18, 2009, the Court granted Plaintiff's motion for summary judgment and remanded for further proceedings consistent with the Court's Order. The Court remanded on the grounds that (1) the ALJ did not address Dr. Pena's opinion that Plaintiff was restricted to part-time work; and (2) the ALJ failed to ask the Vocational Expert about an apparent conflict between information provided in the Dictionary of Occupational

Titles ("DOT") and the VE's testimony that Plaintiff could perform the jobs of host and cashier.

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the prevailing party, other than the United States, is entitled to attorney's fees unless the government's position was substantially justified or special circumstances exist that render the award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant disputes that Plaintiff is entitled to an award of attorney's fees and, in the event that the Court finds otherwise, challenges the reasonableness of the fees sought.

A.  Substantial Justification

Defendant contends that the government's position was substantially justified with respect to the two issues that were the subject of the Court's remand. The Court disagrees.

"Substantially justified" means "justified in substance or in the main" – i.e., justified "to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). A substantially justified position must have a reasonable basis in both law and fact. Id. The government's position must be substantially justified at each stage of the proceedings. Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991).

With respect to Dr. Pena's opinion that Plaintiff was restricted to part-time work, Defendant argues that the ALJ was not required to address this evidence specifically and that the ALJ reasonably concluded, based on all of the evidence before him, that Plaintiff could perform full-time unskilled work. In Vincent on behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984), cited by Defendant, the Ninth Circuit explained that the Secretary need not discuss all evidence presented to him, but, rather, must explain why "significant probative evidence has been rejected." In Vincent, the Ninth Circuit held that the ALJ did not have to explain why he rejected a psychiatrist's report because the report was controverted by medical reports prepared by other doctors and the report was an "after-the-

fact psychiatric diagnosis."

In contrast, in this case, Dr. Pena's opinion that Plaintiff was restricted to part-time work was "significant probative evidence." As pointed out by Defendant, Matthew Carroll, M.D. concluded that Plaintiff had no mental limitations. However, Dr. Carroll evaluated Plaintiff in September 2006. Dr. Pena evaluated Plaintiff in April 2007. The ALJ indicated, "the record reflects no severe mental impairment *until recently*." (Tr. 23.) Apparently, the ALJ believed that Plaintiff's mental condition worsened after her evaluation by Dr. Carroll and adopted Dr. Pena's conclusion that Plaintiff suffered from major depressive disorder and was limited to performing simple and repetitive tasks as a result of her mental condition. In light of the weight the ALJ placed on Dr. Pena's opinion in general (and the lack of contradictory opinions from the same time period), the ALJ was required to address the aspect of Dr. Pena's opinion concerning Plaintiff's restriction to part-time work.

As for the ALJ's failure to resolve conflicts between the occupational information provided by the DOT and the VE's testimony, it is clear that the ALJ failed to follow the law. The job of cashier (DOT 211.362-010) requires f*requent* reaching, handling, and fingering. The job of host (DOT 352.667-010) requires *frequent* reaching and handling. In addition, both jobs have a skill level above "unskilled."[1] Plaintiff could only perform unskilled work and was limited to *occasional* handling and fine fingering with her right hand.

Under SSR 00-4p, the ALJ has an affirmative duty to (1) ask the VE if the evidence he or she provided conflicts with information provided in the DOT; and (2) if the VE's evidence appears to conflict with the DOT, the ALJ must obtain a reasonable explanation for the apparent conflict. In Massachi v. Astrue, 486 F.3d 1149 (9th Cir. 2007), the Ninth Circuit held that the ALJ must perform the inquiries under SSR 00-4p before relying on a VE's

---

[1] As noted in the Court's order of March 18, 2009, even though Defendant suggests the alternate jobs of "cashier II" (DOT 211.645-010) and "goodwill ambassador" (DOT 293.357-018), both of which are "unskilled," these jobs also require frequent reaching, handling, and fingering. The VE indicated that the host job (DOT 352.667-010) had "occasional" fine fingering and grasping but overlooked the fact that "frequent" handling was required. (Tr. 419.) The VE also identified "usher" (DOT 344.137-010) as a job Plaintiff could do with the additional limitations of her right hand. However, the "usher" job has an SVP of 4 and is therefore not "unskilled."

testimony regarding the requirements of a particular job.

The ALJ did not ask the VE whether her testimony conflicted with any information provided in the DOT and, if so, whether there was a reasonable explanation for the conflict. The ALJ's failure to perform the appropriate inquiries under SSR 00-4p is significant because there was a conflict between the VE's testimony and the information provided in the DOT. The jobs identified by the VE required *frequent* handling and/or fingering whereas Plaintiff was limited to *occasional* handling/fingering with her right hand.

Defendant argues that the DOT does not indicate that reaching, handling, or fingering must be performed *bilaterally*. However, nor does the DOT state that reaching, handling, or fingering *need only be done on one side*. As explained in Defendant's papers, "The DOT lists *maximum* requirements of occupations as *generally* performed, not the *range of requirements* of a *particular* job as it is performed in *specific* settings." The maximum requirements of the host and cashier positions include a full range of frequent reaching, handling, and/or fingering – i.e., on both sides. Plaintiff's inability to perform frequent handling/ fingering with her right hand (her dominant hand in fact) was inconsistent with these requirements. Perhaps the VE could have testified that in specific cashier or host jobs, frequent use of the dominant hand is not necessary. However, the ALJ never provided the VE with an opportunity to provide a reasonable explanation for the conflict.

The ALJ clearly did not follow the requirements of SSR 00-4p. Therefore, the government's pre-litigation and post-litigation positions on this issue were not substantially justified. Plaintiff is entitled to attorney's fees under the EAJA.

B. <u>Reasonableness of Fees</u>

The award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded form an award of fees. <u>Id.</u> at 434.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

Plaintiff seeks fees based on an hourly rate of $172. This rate is based on the $125 per hour rate set forth in 28 U.S.C. § 2412(d)(2)(A), adjusted for cost-of-living increases. Defendant does not challenge the rate, which the Court finds to be reasonable.

Plaintiff seeks to recover fees for 56.24 hours of work performed in connection with the litigation of this action and the preparation of the EAJA fee motion and reply. Defendant contends that Plaintiff should not be awarded the full amount of fees claimed because some of the time billed by Plaintiff's counsel was excessive or unnecessary. The Court agrees in part.

Defendant argues that Plaintiff's attorney billed a significant amount of time for work that was purely clerical in nature, such as calling Chambers, signing a document, and reviewing notices of electronic filing. The Court disagrees that these tasks are "purely clerical" and not recoverable. Part of an attorney's duties include communicating with Chambers to obtain hearing dates, signing and reviewing documents before filing, and reviewing e-mails and notices of electronic filing from the Court.

However, the Court agrees that an excessive amount of time was billed for reviewing the notices of electronic filing (as opposed to the time spent reviewing substantive underlying documents) and e-mails from the Court. It only takes a few seconds to review a notice of electronic filing to take note that something has been filed. Plaintiff's counsel usually billed the minimum increment of time under her billing system - .08 (4.8 minutes) – for each occasion she reviewed a notice of electronic filing or e-mail from the Court. However, since she received many notices of electronic filing, the cumulative time billed for reviewing the notices far exceeds the actual time she spent glancing at the e-mails. Therefore, the Court will allow the recovery of only .25 hours for the review of the notices of electronic filing or e-mails from the Court on 2/20/08, 2/22/08, 3/25/08, 3/26/08, 3/31/08, 5/22/08, 6/2/08, 8/28/08, 10/12/08, 10/15/08, 10/28/08, 11/4/08, 11/13/08, 11/24/08, 11/25/08, 12/23/08 and 3/18/09.

Plaintiff's counsel billed 1.50 hours on 5/28/08 for "Review United States District Court email re: Administrative Record," 2.75 hours on 11/24/08 for "Review United States District Court email re: Notice of Cross-Motion for Summary Judgment," and 2.75 hours on 3/18/09 for "Review United States District Court email re: United States District Court Judgment." The Court assumes that the time billed for these entries was for reviewing the underlying documents referenced in the notices of electronic filing. The Court reduces the time for reviewing and analyzing the Court's 9-page order to 2 hours, but otherwise allows this time.

Defendant argues that Plaintiff's counsel should not be able to recover for the 1.15 hours spent in connection with obtaining an extension fo time to file her motion for summary judgment. The Court disagrees. Attorneys often have to seek extensions from the Court for various reasons in the course of representing their clients. The time spent obtaining extensions can be properly billed to one's client and can be sought from one's adversary as well.

Defendant argues that Plaintiff should not be able to recover 2.95 hours billed in connection with a reply that was never filed. Although no reply was filed, Plaintiff's counsel had to analyze whether it made strategic sense to file a reply on any of the issues. Accordingly, the Court will allow the recovery of 2 hours for analysis regarding whether to file a reply.

Defendant also argues that Plaintiff's counsel spent an excessive amount of time preparing the EAJA fee motion. The Court disagrees. It was reasonable for counsel to spend 2.75 hours reviewing time records and logs to prepare a billing sheet. Counsel was required to carefully review her records to determine which tasks were properly charged to the client and to confirm that the descriptions and time entries were accurate and did not reveal any privileged information. The 3.2 hours billed for the preparation of the rest of the fee motion was also reasonable.

Plaintiff seeks 9.5 hours for work performed in connection with the reply in support of the EAJA fee motion. The Court will allow recovery for 4 hours of this time. The reply brief was unnecessarily long (19 pages). Four hours would have been an adequate amount of

time to respond to the issues raised in the opposition papers.

Other than the hours disallowed by the Court above, the Court finds the hours billed by Plaintiff's counsel to be reasonable. Taking into account the reductions detailed above, the Court allows the recovery of 47.49 hours at the rate of $172 per hour, for a total award of $8,168.28.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $8,168.28 in fees, to be paid directly to Plaintiff's counsel.

DATED: September 17, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge